UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Shane A DeLorenze,

              Petitioner,

v.

Ron Haynes,

              Respondent.

CASE NO. 3:19-cv-05578-RBL-JRC

ORDER

The District Court has referred this 28 U.S.C. § 2254 action to United States Magistrate Judge J. Richard Creatura. Petitioner Shane A. DeLorenze filed his federal habeas petition seeking relief from a state court conviction. *See* Dkt. 3. Petitioner seeks habeas relief from his 2015 conviction of second-degree rape. Dkt. 3.

In respondent's original answer, he argues that petitioner raises six grounds for relief: (1) the evidence presented at trial in support of the elements of penetration and lack of consent was constitutionally insufficient; (2) the prosecutor committed misconduct in closing argument by (a) exhorting the jury to "do its job" and find petitioner guilty and (b) disparaging defense counsel by describing defense counsel's closing argument as absurd; (3) defense counsel provided ineffective assistance at trial by (a) failing to object to the admissibility of an officer's opinion

during the police interview regarding petitioner's veracity and guilt and (b) failing to object to the prosecutor's closing argument; (4) the trial court erred by admitting petitioner's statement to police because petitioner was in an alcoholic blackout state and was therefore incapable of voluntarily waiving his right to remain silent under the Fifth Amendment; (5) defense counsel provided ineffective assistance at trial by stipulating to the admissibility of petitioner's statement to police, failing to move to suppress the statement, and failing to request a CrR 3.5 hearing; and (6) appellate counsel provided ineffective assistance by failing to present claims 4 and 5, *supra*, as assignments of error on direct appeal. Dkt. 6 at 3 (citing Dkt. 3 at 16-41). Respondent argues that petitioner has failed to show that the state court's adjudication was an unreasonable application of federal law. Dkt. 6. Petitioner did not file a traverse. *See* Dkt.

In the petition, petitioner also argues that the trial court abused its discretion and that the audio recording of his statement to the police contained prejudicial material. Dkt. 3 at 38. Petitioner includes this claim under "Ground Five." *Id.* The Court interprets the petition to include a second subpart to petitioner's fifth ground for relief ("Ground Five, subpart (b)"): whether petitioner was denied the right to a fair trial based on the admission of petitioner's audio recorded statement to police. Dkt. 3 at 38. *See Darden v. Wainwright,* 477 U.S. 168, 179–183 (1986) (When evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.); *Payne v. Tennessee*, 501 U.S. 808, 825 (1991); *Kansas v. Carr*, 136 S.Ct. 633, 644 (2016) (citing *Payne* for the proposition that the Due Process Clause prohibits the introduction of unduly prejudicial evidence that would render the trial fundamentally unfair); *Alberni v. McDaniel*, 458 F.3d 860, 864 (9th Cir. 2006) ("The Supreme Court has established a general principle that evidence that 'is so extremely unfair that its admission violates

fundamental conceptions of justice' may violate due process."); *See also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction."). Respondent's answer does not address Ground Five, subpart (b). *See* Dkt. 6.

Pursuant to the Rules Governing Section 2254 Cases, respondent is required to address all allegations presented in a habeas corpus petition. While Ground Five, subpart (b) may be unexhausted and procedurally barred, *see* Dkt. 7 at Exhibits 10, 12, 13, 15, 16, 17, 19, 22, 23, petitioner was not provided with an opportunity to respond and thus, the Court will not *sua sponte* rule on that claim at this time. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998) (If dismissing a claim as unexhausted and procedurally defaulted, a federal habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal.).

As such, the Court requests a supplemental answer addressing Ground Five subpart (b) and whether petitioner was denied the right to a fair trial based on the admission of petitioner's audio recorded statement to police. The supplemental answer shall be filed on or before November 1, 2019. Petitioner may file a supplemental traverse (response to the supplemental answer) addressing only the new arguments raised by respondent related to Ground 5, subpart (b) on or before November 8, 2019. Respondent may file a reply to the supplemental traverse on or before November 15, 2019.

The Clerk of Court is directed to re-note the petition for consideration for November 15, 2019.

Dated this 16th day of October, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3